[796 NYS2d 102]

In the Matter of AMIN KHALIL HUSSAIN-EL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 16, 2005

## APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated February 10, 2004, containing six charges of professional misconduct. After a preliminary conference, and a hearing, the Special Referee sustained all six charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge One alleges that the respondent failed to properly preserve escrow funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In or about April 2001, the respondent was retained by Margaret Booker in the sale of her real property to Treasure Cay Builders. On or about April 4, 2001, the purchaser entrusted him, as a fiduciary, with the down payment in the sum of $10,000 to be held in escrow until the closing of title or other proper disbursement. The Booker down payment was deposited in the respondent's IOLA account on April 24, 2001.

By letter dated January 8, 2002, David Besso, Esq., notified the respondent that he had been retained by Ms. Booker, and requested that the respondent transfer to him all papers concerning the Treasure Cay Builders transaction along with the down payment. On or about February 25, 2002, the respondent forwarded to Mr. Besso an escrow in the sum of $10,000. That check was paid by Chase Manhattan Bank on March 8, 2002.

Prior to the discharge of his fiduciary obligation, the respondent failed to preserve the down payment. Between the deposit date of April 24, 2001, and the date his escrow check was paid by the bank, the balance in the respondent's escrow account dropped below $10,000 on six occasions.

Charge Two, which is predicated upon the facts of Charge One, alleges that the respondent failed to promptly pay or deliver client funds and other property to the client or a third party entitled to receive it, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

Charge Three alleges that the respondent failed to properly preserve escrow funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about June 25, 2001, the respondent represented Fitz Lewis and Pauline Lewis in the sale of their property to Karlene Clarke. On or about June 25, 2001, the purchaser's attorney, Bruce Kennedy, forwarded a down payment in the sum of $8,700 to the respondent to be held in escrow until the closing of title or other proper disbursement. The Lewis down payment was deposited into the respondent's IOLA account on or about July 19, 2001. The contract was terminated prior to the sale of the property. On or about January 25, 2002, the respondent returned the Lewis down payment by issuing an escrow check in the sum of $8,700 to the seller's attorney.

In October 2001 the respondent represented Laurie Ann Rivera-Lopez in the sale of her property to Jose Benitez, who was represented by Michael Rozza. The contract provided for a $5,000 binder, which was deposited into the respondent's escrow account on or about October 29, 2001. On or about October 29, 2001, the purchaser forwarded to the respondent a $20,000 down payment to be held in escrow until closing of title or other proper disbursement. The Rivera-Lopez down payment was deposited into the respondent's IOLA account on or about November 19, 2001.

On or about November 3, 2001, the respondent forwarded a letter to the purchaser's attorney acknowledging receipt of the Rivera-Lopez down payment and the binder, confirming the deposit of $25,000 in his escrow account.

On or about December 4, 2001, the contract was amended and the down payment was reduced to the sum of $10,000. On or about December 15, 2001, the respondent forwarded his IOLA check to the purchaser's attorney in the sum of $15,000, representing $25,000 held in escrow minus $10,000. That check was paid on December 26, 2001.

On or about August 17, 2001, the respondent represented Juanita Fowler in the sale of her real property to Oscar and

Juan Benitez and Dina Gonzalez. The purchasers, who were represented by Lara Harmel, forwarded to the respondent a $6,142 down payment to be held in escrow until the closing of title or other proper disbursement. The respondent deposited the down payment into his escrow account on or about August 31, 2001. The contract was voided when the purchasers were unable to obtain a mortgage. The respondent returned the Fowler down payment on or about December 4, 2001, in the form of an IOLA check payable to Lara Harmel, Esq. That check was paid on December 18, 2001.

On seven occasions between approximately November 19 through December 17, 2001, the respondent failed to maintain and preserve the minimum sum of $49,842 in his IOLA account which should have been on deposit in connection with the following transactions: Booker ($10,000), Lewis ($8,700), Rivera-Lopez ($25,000), and Fowler ($6,142). On six occasions between approximately December 26, 2001, and January 24, 2002, the respondent failed to preserve a minimum of $28,700 in his IOLA account in connection with the following transactions: Booker ($10,000), Lewis ($8,700) and Rivera-Lopez ($10,000).

Charge Four alleges that the respondent failed to promptly deposit funds belonging to his client in a separate account, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

The respondent was retained by Gene Kunz-Bryan to represent him in a bankruptcy proceeding on or before May 3, 2001. At that time, he received $675 in cash from his client for payment to the bankruptcy trustee. The respondent failed to deposit that sum into his escrow account until February 11, 2002. On or about September 11, 2001, the respondent received $826 in cash from his client for mortgage payments to be made in connection with the bankruptcy proceeding. He failed to deposit that sum into his escrow account until February 11, 2002.

Charge Five alleges that the respondent failed to maintain required bank and bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]).

From approximately April 1, 2001, through March 31, 2002, the respondent failed to maintain a record or ledger book for his IOLA account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, and the descriptions, amounts, and names of all persons to whom such funds were disbursed. The respondent

failed to maintain all checkbooks, check stubs, bank statements, cancelled checks, and duplicate deposit slips for the IOLA account.

Charge Six alleges that the respondent failed to comply with a so-ordered subpoena, in violation of Code of Professional Responsibility DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1]) and DR1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On September 29, 2003, the respondent was duly served with a judicial subpoena, authorized by this Court on September 22, 2003, directing him to appear and give testimony before petitioner on October 27, 2003. The subpoena directed the respondent to bring all bank statements, checkbook register, cancelled checks, deposit slips, ledgers and/or registers relating to client Gene Kunz-Bryan; a copy of his bank statement for the period from January 11, 2002, to February 11, 2002; and a copy of both sides of a $3,000 check dated December 14, 2001, payable to Gullace and Weld, from that account. Although the respondent appeared on October 27, 2003, he failed to produce the subpoenaed documents.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all six charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

The respondent contends that no one was harmed financially by his actions inasmuch as any missing funds, which he attributes to inefficient bookkeeping rather than venality, have been repaid. The respondent testified with respect to the extensive illnesses his family had to cope with, his own financial problems, and the adverse impact upon him and his family of the tragic events of September 11, 2001.

The Grievance Committee informs the Court that the respondent was issued letters of caution on January 9, 1997, and June 24, 1999, for failing to cooperate with it or its agents and for failing to make greater efforts to ensure that clients are regularly advised of the status of their cases and reminded of their own obligations in those matters.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Amin Khalil Hussain-El, is suspended from the practice of law for a period of five years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Amin Khalil Hussain-El, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Amin Khalil Hussain-El, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).